

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------

RYDER TRUCK RENTAL, INC. and
OLD REPUBLIC INSURANCE COMPANY,

                Plaintiffs,

-v-                                  6:09-CV-842

SWISH MAINTENANCE LIMITED, SWISH
MAINTENANCE LTD., 1665970 ONTARIO
LIMITED,

                Defendants.

---------------------------------

APPEARANCES:                            OF COUNSEL:

PHILLIPS LYTLE LLP                  MICHAEL B. POWERS, ESQ.
Attorneys for Plaintiffs              SEAN C. McPHEE, ESQ.
3400 HSBC Center
Buffalo, NY 14203

RUPP, BAASE, PFALZGRAF, CUNNINGHAM    MICHAEL T. FEELEY, ESQ.
   & COPPOLA LLC
Attorneys for Defendants
1600 Liberty Building
Buffalo, NY 14202

DAVID N. HURD
United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

      Defendants Swish Maintenance Limited and 1665970 Ontario Limited moved to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Alternatively,

these defendant sought transfer of venue to Vermont and dismissal of certain claims against them for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs opposed. Oral argument was heard on October 9, 2009, in Utica, New York. Decision was reserved.

## II. DISCUSSION

The moving defendants Swish Maintenance Limited and 1665970 Ontario Limited ("the Canadian companies") contend that personal jurisdiction is lacking under N.Y. C.P.L.R. 301 and 302, New York's general and specific jurisdiction statutes. They set forth a variety of facts to establish that there is personal jurisdiction only over Swish Maintenance Ltd. ("the Vermont company") and the corporate veil of the Canadian companies cannot be pierced to reach them jurisdictionally. Defendants' argument demonstrates that factual development through discovery is required to make a determination about the relationship among the Canadian companies and the Vermont company so that the legal issues can be decided. Thus, the motion to dismiss for lack of personal jurisdiction is premature and it will be denied without prejudice.

Defendants made no argument as to the alternative motion to change venue. Thus, that motion will also be denied.

As to the alternative relief of dismissing the fraud-related claims for failure to state a claim, the factual allegations of the complaint, taken as true, provide a plausible inference of fraudulent conveyances. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1951-52 (2009). Thus, these claims will not be dismissed.

## III. CONCLUSION

Accordingly, it is ORDERED that

1. Defendants' motion to dismiss for lack of personal jurisdiction is DENIED without prejudice;

2. Defendants' alternative motions to change venue and dismiss for failure to state a claim are DENIED.

IT IS SO ORDERED.

United States District Judge

Dated: October 16, 2009
         Utica, New York.